# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ALLIED ATLANTIC, INC.,     )
ALLIED ATLANTIC MARINE, INC.,  )
          )
    Plaintiff,       )
          )
v.               )     Case No.  CV412-277
          )
THE GEORGIA DEPARTMENT  )
OF TRANSPORTATION,     )
          )
    Defendant.     )

## ORDER

Plaintiffs have alleged that their vessel was destroyed by the negligence of a Georgia Department of Transportation (GDOT) bridge tender, whose failure to raise a waterway bridge high enough caused the prototype ship's mast to smash into the bottom of the bridge. Doc. 1. Asserting Eleventh Amendment immunity, GDOT moved to dismiss. Doc. 4. That motion is before the district judge. So is plaintiffs' motion for summary judgment on liability. Doc. 11.

The undersigned granted GDOT's emergency motion (doc. 15) for a protective order, relieving it of discovery expense pending the district judge's ruling on whether GDOT is an arm of the state and thus immune

under the Eleventh Amendment. Doc. 17. "Because the Court ha[d] not waited for plaintiffs to file a response brief," however, "they [were] free to move for reconsideration." *Id.* at 5. The Court said that on January 28, 2013. Doc. 17. Plaintiffs moved to reconsider on March 11, 2013. Doc. 18.

The Court agrees with GDOT that plaintiffs "have submitted nothing new in their Motion for Reconsideration," doc. 19 at 2, and that what they did present is essentially argument best directed to the district judge on GDOT's dismissal motion. Were this Court to reach the argument, it would risk treading on the district judge's analysis. And nothing the plaintiffs have said has diminished the Court's prior ruling that GDOT likely will be found immune, thus warranting the discovery stay.

Hence, plaintiff's reconsideration motion (doc. 18) is **DENIED**.

**SO ORDERED** this *16th* day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2